PROB 12C(d)
(03/06)

May 14, 2008

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 MAY 19 AM 11:56
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Antonio DELEON-Arteaga (Spanish)    **Dkt No.:** 08-CR7007-001-JAH

**Reg. No.:** 39517-180

**Name of Sentencing Judicial Officer:** The Honorable Harry Lee Hudspeth, Senior U.S. District Judge (After transfer of jurisdiction from the Western District of Texas, this case has been reassigned to the Honorable John A. Houston, U.S. District Judge)

**Date of Sentence:** October 29, 2003

**Original Offense:** 8 U.S.C. § 1326, Illegal Re-entry, a Class C felony

**Sentence:** 52 months custody; three years supervised release. *(Special Conditions: not commit another offense, state or federal; not enter or attempt to enter the United States without legal documents.)*

| | |
|---|---|
| **Type of Supervision:** Supervised Release | **Date Supervision Commenced:** March 13, 2007 |
| **Asst. U.S. Atty.:** Gerald Carruth (WD/TX) | **Defense Counsel:** Erica Kristine Zunkel (Appointed) (619) 284-8467 |

**Prior Violation History:** None.

---

### PETITIONING THE COURT

**THE DISCHARGE OF THE ORDER TO SHOW CAUSE DATED NOVEMBER 29, 2007, AND RECALL THE BENCH WARRANT ISSUED ON NOVEMBER 30, 2007.**

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB 12C(d)

Name of Offender: Antonio DELEON-Arteaga                                        May 14, 2008
Docket No.: 08-CR7007-001-JAH                                                              Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nvl)* | 1. On or about October 21, 2007, Mr. DeLeon, a previously deported alien, attempted entry after deportation, in violation of 8 U.S.C. § 1326 (a) and (b), as evidenced by the indictment filed in the U.S. District Court, Southern District of California, Docket No. 07-CR-3100-001-JAH. |
| **(Special Condition)**<br>The defendant should not enter or attempt to enter the United States without legal documents. | 2. On or about October 21, 2007, Mr. DeLeon, a previously deported alien, was found in the United States, as evidenced by the indictment filed in the U.S. District Court, Southern District of California, Docket No. 07-CR-3100-001-JAH. |

***Grounds for Revocation*** : As to allegations one and two, I received and reviewed the complaint (with probable cause statement) and indictment in the criminal case cited above. From these, I learned the following: On the above date, Mr. DeLeon was encountered by a Border Patrol agent approximately three miles west of Calexico, California. Mr. DeLeon stated that he was a citizen of Mexico and was in the United States illegally. He was thereupon arrested.

Records reveal that on March 13, 2007, Mr. DeLeon was released to the Immigration and Customs Enforcement and subsequently removed from the United States.

On November 14, 2007, an indictment was filed in the U.S. District Court, Southern District of California, Docket No. 07-CR-3100-001-JAH, charging Mr. DeLeon with a violation of 8 U.S.C. § 1326 (a) and (b), Attempted Entry After Deportation. A jury trial is set for August 5, 2008, before Your Honor.

PROB 12C(d)

Name of Offender: Antonio DELEON-Arteaga             May 14, 2008
Docket No.: 08-CR7007-001-JAH                                Page 3

**U.S. Probation Officer Recommendation:**
Because the original petition was not prepared in the Southern District of California, we seek to recall the original Order to Show Cause dated November 29, 2007. We ask the Court to order a No-bail bench warrant based on facts noted above, to which the undersigned can personally swear and attest.

If found in violation, I recommend that supervised release be revoked and the offender be sentenced to 14 months custody, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: May 14, 2008**

Respectfully submitted:

by _____
Christopher J. Marco
U.S. Probation Officer
(619) 557-6502

Reviewed and approved:

_____
Sean Quintal
Supervising U.S. Probation Officer

**THE COURT ORDERS:**

__X__ THE DISCHARGE OF THE ORDER TO SHOW CAUSE DATED NOVEMBER 29, 2007, AND RECALL THE BENCH WARRANT ISSUED ON NOVEMBER 30, 2007.

__X__ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(Currently detained at WRDF in San Diego, California, under Registration No. 39517-180)

_____ Other _____

_____

_____

_____          5-16-08
The Honorable John A. Houston                    Date
U.S. District Judge

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:** DELEON-Arteaga, Antonio

2. **Docket No.** (Year-Sequence-Defendant No.): 08-CR7007-001-JAH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | attempted entry after deportation | B |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ B ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ III ]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:  [ 24 months ]

7. **Range of Imprisonment** (*Custody*) (*See* USSG § 7B1.4(a))
   A Grade B violation with a Criminal History Category III establishes an imprisonment range of:  [ 8-14 months ]

8. **Statutory Maximum Term** (*Supervised Release*) (*See* 18 U.S.C. § 3583(b))
   If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. In this case, the court has the authority to reimpose a term of:  [ 36 months ]

9. **Recommendation:**  [ 14 months custody, consecutive to any other sentence being served. *See* USSG § 7B1.3(f)- w/ no supervised release to follow ]

_____
Christopher J. Marco
U.S. Probation Officer

May 14, 2008
Date